# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA (Harrisburg)

| | |
|---|---|
| IN RE:<br>CRAIG ALLEN ZIMMERMAN<br>MEREDITH ANN ZIMMERMAN<br>    Debtors | Case No. 1:23-bk-00456-HWV |
| SANTANDER BANK, N.A.<br>    Movant | Chapter 13 |
| vs.<br>CRAIG ALLEN ZIMMERMAN<br>MEREDITH ANN ZIMMERMAN<br>    Respondents | 11 U.S.C. §362 |

## MOTION FOR RELIEF FROM AUTOMATIC STAY UNDER §362 PURSUANT TO BANKRUPTCY PROCEDURE RULE 4001

Movant, by its attorneys, Brock and Scott PLLC, hereby requests a termination of Automatic Stay and leave to proceed with its state court rights on its mortgage on real property owned by Craig Allen Zimmerman and Meredith Ann Zimmerman.

1. Movant is Santander Bank, N.A.

2. Debtors, Craig Allen Zimmerman and Meredith Ann Zimmerman, are the owners of the premises located at 4 North Pearl Street, York, Pennsylvania 17404 hereinafter known as the mortgaged premises.

3. Movant is the holder of a mortgage on the mortgaged premises.

4. Debtors' failure to tender monthly payments in a manner consistent with the terms of the Mortgage and Note results in a lack of adequate protection.

5. Movant instituted foreclosure proceedings on the Mortgage due to Debtors' failure to make payments required thereunder.

6. The foreclosure proceedings instituted were stayed by the filing of the instant Chapter 13 Petition.

7. The following chart sets forth the number and amount of post-petition payments due pursuant to the terms of the Note that have been missed as of March 4, 2024:

| Number of Missed Payments | From | To | Monthly Payment Amount | Total Amounts Delinquent |
|---|---|---|---|---|
| 3 | 01/01/2024 | 03/01/2024 | $947.28 | $2,841.84 |
| | | | Less partial payments (suspense balance): | ($88.07) |
| | | | **Total:** | **$2,753.77** |

8. A post-petition payment history is attached hereto as Exhibit "A".

9. The next payment is due on or before April 1, 2024 in the amount of $947.28. Under the terms of the Note and Mortgage, Debtors have a continuing obligation to remain current post-petition and failure to do so results in a lack of adequate protection to Movant.

10. Upon information and belief, the payoff amount as of March 4, 2024 is $97,487.49.

11. Movant, Santander Bank, N.A. requests the Court award reimbursement in the amount of $1,349.00 for the legal fees and costs associated with this Motion.

12. Movant has cause to have the Automatic Stay terminated as to permit Movant to complete foreclosure on its mortgage.

13. Movant specifically requests permission from the Honorable Court to communicate with Debtors and Debtors' counsel to the extent necessary to comply with applicable nonbankruptcy law.

14. Rule 4001 (a)(3) should not be applicable and Movant should be allowed to immediately enforce and implement the Order granting relief from the automatic stay.

15. Movant requests that if relief is granted that Federal Rule of Bankruptcy Procedure 3002.1 be waived.

**WHEREFORE**, Movant respectfully requests that this Court enter an Order;

a. Modifying the Automatic Stay under Section 362 with respect to 4 North Pearl Street,

York, Pennsylvania 17404 (as more fully set forth in the legal description attached to the Mortgage of record granted against the Premises), as to allow Movant, its successors and assignees, to proceed with its rights under the terms of said Mortgage; and

      b.     Awarding Movant attorney fees and costs related to this Motion in the amount of $1,349.00; and

      c.     Movant specifically requests permission from this Honorable Court to communicate with Debtors and Debtors' counsel to the extent necessary to comply with applicable nonbankruptcy law; and

      d.     That the Trustee cease making any further distributions to the Creditor; and

      e.     Holding that due to Debtors' continuing failure to tender post-petition mortgage payments and the resulting and ever increasing lack of adequate protection that said failure presents, sufficient grounds exist for waiver of Rule 4001(a)(3), and that Movant, its successors or assignees, should be allowed to immediately enforce and implement the Order granting relief from the automatic stay; and

      f.     Waiving Federal Rule of Bankruptcy Procedure 3002.1; and

g. Granting any other relief that this Court deems equitable and just.

Date: March 6, 2024

*/s/Mario Hanyon*
Andrew Spivack, PA Bar No. 84439
Matthew Fissel, PA Bar No. 314567
Mario Hanyon, PA Bar No. 203993
Ryan Starks, PA Bar No. 330002
Jay Jones, PA Bar No. 86657
Attorney for Creditor
BROCK & SCOTT, PLLC
3825 Forrestgate Drive
Winston Salem, NC 27103
Telephone: (844) 856-6646
Facsimile: (704) 369-0760
E-Mail: PABKR@brockandscott.com