IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA (Harrisburg)

| | |
|---|---|
| IN RE:<br>CRAIG ALLEN ZIMMERMAN<br>MEREDITH ANN ZIMMERMAN<br>    Debtors | Case No. 1:23-bk-00456-HWV |
| SANTANDER BANK, N.A.<br>    Movant | Chapter 13 |
| vs.<br>CRAIG ALLEN ZIMMERMAN<br>MEREDITH ANN ZIMMERMAN<br>    Respondents | 11 U.S.C. §362 |

**ORDER GRANTING RELIEF FROM §362 AUTOMATIC STAY WITH RESPECT TO 4 NORTH PEARL STREET, YORK, PENNSYLVANIA 17404.**

Upon consideration of Motion for Relief from Automatic Stay, Santander Bank, N.A. (Movant), it is:

**ORDERED AND DECREED:** that Movant shall be permitted to reasonably communicate with Debtors and Debtors' counsel to the extent necessary to comply with applicable nonbankruptcy law; and it is further;

**ORDERED** that Relief from the Automatic stay of all proceedings, as provided under 11 U.S.C. §362 is GRANTED with respect to, 4 North Pearl Street, York, Pennsylvania 17404 (hereinafter "the Premises") (as more fully set forth in the legal description attached to the Mortgage of record granted against the Premises), as to allow Movant, its successors or assignees, to proceed with its rights under the terms of said Mortgage; and it is further;

**ORDERED** that the Trustee is directed to cease making any further distributions to the Creditor; and it is further

**ORDERED** that Rule 4001(a)(3) is not applicable and Santander Bank, N.A. may immediately enforce and implement this Order granting Relief from the Automatic Stay; and it is further;

**ORDERED** that FEDERAL RULE OF BANKRUPTCY PROCEDURE 3002.1 is no longer applicable to Movant, its successors or assignees.